IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALBERT TREVINO CARRILLO**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-1749-L** |
| | § | |
| **WILLIAM STEPHENS, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

# ORDER

This case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on September 23, 2014, recommending that the action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with court orders. Specifically, after this habeas corpus action was initiated on May 6, 2014, the magistrate judge sent Petitioner three notices of deficiency between May 21, 2014, and August 6, 2014, directing him to pay the requisite filing fee. (Docs. 5, 7, and 8). In response to the first notice of deficiency, Petitioner notified the court that he had previously sent a form to the court requesting that the filing fee be deducted from his prison account. On June 11, 2014, the magistrate judge explained in its second notice of deficiency that Petitioner must send the filing fee to the court. On August 6, 2014, the magistrate judge warned Petitioner in a third notice of deficiency that the case would be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with court orders if he failed to pay the filing fee within 30 days. The final thirty-day deadline to pay the filing fee was

September 5, 2014. As of September 23, 2014, Petitioner had not paid the filing fee as ordered and had not requested an extension of the thirty-day deadline to pay the filing fee. The magistrate judge therefore recommended that the case be dismissed without prejudice.

Petitioner filed objections to the Report, which are postmarked October 9, 2014, and the docket reflects that a payment in the amount of $5 was received on October 17, 2014, from the Texas Department of Criminal Justice Inmate Trust. In his objections, Petitioner takes issue with the Report's finding that he did not respond to the court's second notice of deficiency and directive to send the filing fee to the court rather than sending a form requesting that the fee to be deducted from his prisoner account. Petitioner contends that because his prison unit did not have a warden at the time to sign and approve his inmate request for withdrawal of funds form, he submitted the form directly to the court to avoid delay.

The record indicates that the form was filed along with Petitioner's habeas paperwork when he initiated the case. In a letter to the clerk of the court, Petitioner lists the documents enclosed, including the inmate withdrawal form, and states, "If this is not correct please use an order to withdraw the filing [fee] from my trust account." Doc. 3 at 12. Petitioner further asserts in his objections that, after receiving the second notice of deficiency, he completed and submitted copies of the requisite forms to withdraw funds sometime between June 23, 2104, and June 27, 2014, to prison officials and the court. Petitioner contends: "Prison officials do not respond with an[y] urgency to re[]quest[s] to withdraw funds. The only time a prison official will respond with the appropriate level of attentiveness is upon receipt of a court order." Objections 3.

In support of his objections, Petitioner attached copies of his prisoner commissary and trust fund showing various deductions for commissary purchases, deposits, withdrawals, and balances as

of June 30, 2014, and October 2, 2014.  The information contained in this documentation does not appear to have any relevance to the issue at hand.  Moreover, the docket does not support Petitioner's assertion that a copy of the withdrawal of funds form submitted to prison officials between June 23, 2104, and June 27, 2014, was filed with the court.  The court therefore has no way of verifying Petitioner's contention that he submitted the form to prison officials between June 23, 2104, and June 27, 2014.

Further, although Petitioner failed to comply in a timely fashion with the three orders issued by the magistrate judge by not paying the filing fee until 42 days after the final deadline imposed in the magistrate judge's third notice of deficiency and five months after first being order to do so, and failed to seek an extension of the deadlines to pay the filing fee despite being aware of potential delays within the prison system for processing requests to withdraw funds, the court will give Petitioner the benefit of the doubt this time.  *Failure in the future, however, of Petitioner to comply with orders entered by the court and court imposed deadlines will result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).*  Accordingly, as Petitioner has paid the requisite filing fee, albeit untimely, the court **sustains** Petitioner's objections, **rejects** the findings and conclusions of the magistrate judge, and **recommits** this case to the magistrate judge for further proceedings.

**It is so ordered** this 30th day of October, 2014.

                                            Sam A. Lindsay
                                            United States District Judge