IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALBERT TREVINO CARRILLO, ) | |
|        Petitioner, ) | |
| ) | |
| v. ) | No. 3:14-CV-1749-L |
| ) | |
| WILLIAM STEPHENS, Director, TDCJ-CID, ) | |
|        Respondent. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

### PROCEDURAL BACKGROUND

Petitioner states he was convicted in Howard County, Texas of two unspecified charges and sentenced to thirty years on count one and fifteen years on count two.  *State of Texas v. Albert Trevino Carrillo*, No. 13444-CR (118th Jud. Dist. Ct., Howard County, Tex., May 1, 2013).  Petitioner states he did not file a direct appeal and he has not filed any state petitions for writ of habeas corpus.

On May 6, 2014, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254.  He claims he received ineffective assistance of counsel.

### EXHAUSTION OF STATE COURT REMEDIES

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  *See* 28 U.S.C. § 2254(b).  This entails submitting the factual and legal basis of any claim to the

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**

highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

In this case, Petitioner did not file a direct appeal and did not file a state petition for writ of habeas corpus. Consequently, Petitioner has not presented his claims to the Texas Court of Criminal Appeals and has therefore failed to exhaust his state remedies.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court dismiss the habeas corpus petition without prejudice for failure to exhaust state court remedies.

Signed this 10th day of December, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).